UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO D. WOODSON,

    Petitioner,

v.                                      Case No:  3:21-cv-850-BJD-JRK

JOSEPH BIDEN, et al.,

    Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Antonio D. Woodson, initiated this action by filing a document titled "Petition Under 28 USC § 1361 for Writ of Mandamus" in the United States District Court for the District of Columbia (Doc. 1; Petition). Construing the petition as one for a writ of habeas corpus, the District of Columbia transferred the case to this Court because Petitioner is housed at Suwannee Correctional Institution in Live Oak, Florida.[1] See Order (Doc. 5).

Petitioner's filing is not a model of clarity, though the undersigned does not construe the filing as one for a writ of habeas relief under 28 U.S.C. § 2254. Petitioner already has unsuccessfully challenged his two state convictions by

---

[1] See also Florida Department of Corrections Offender Search, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited Sept. 9, 2021).

filing habeas petitions in the district courts for the respective counties, as he readily acknowledges. See Petition at 15. See also Case No. 13-23083-Civ-ALTONAGA (challenging his Miami-Dade conviction, case number F07-25761, under 28 U.S.C. § 2254); Case No. 3:16-cv-180-RV-EMT (challenging his Santa Rosa conviction, case number 2010-CF-548, under 28 U.S.C. § 2254). Petitioner also filed successive petitions to challenge these convictions, which were dismissed. See Case. No. 18-21103-CIV-MARTINEZ (S.D. Fla.) (challenging the Miami-Dade conviction through a motion for relief from judgment, which the court characterized as a "smokescreen"); Case No. 19-22818-CV-GAYLES (S.D. Fla.) (challenging his convictions out of Miami-Dade and Santa Rosa counties). Additionally, a search of the Eleventh Circuit's online docket shows the Eleventh Circuit denied Petitioner's application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus as to his Miami-Dade conviction. See In re Antonio Woodson, Case No. 16-10839-D (11th Cir. Mar. 22, 2016).

Petitioner is attempting yet again to challenge his state convictions, though in the form of a mandamus action against President Biden, the Attorney General, the United States Attorney's Offices in the Northern and

Southern Districts, district judges, and others.[2] Petitioner asserts the district courts improperly denied him relief under § 2254, and he wants the United States Attorney General to investigate his cases and order his release from prison. See Petition at 14, 17, 21. He asserts relief under § 2254 is unavailable to him because he "was unaware of the legal significance of the facts to support a challenge to the trial court's jurisdiction in his initial [§ 2254] petition." Id. at 17. Petitioner concludes, "The Respondents know . . . [his] convictions are void . . . . [and their] failure to act on [his] complaints is, by definition, agency action unlawfully withheld or unreasonably delayed." Id. at 22.

A federal court may issue a mandamus order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A person seeking mandamus relief must demonstrate (1) he has a clear right to the relief he seeks, (2) the defendant owes him a clear duty, and (3) he has no adequate remedy, meaning he "has exhausted all other avenues of relief." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003). The purpose of mandamus relief is to "enforce a right [that] has already been established," not to establish a legal right. Davis v. United States, 558 F. App'x 898, 901 (11th Cir. 2014) (quoting United States v.

---

[2] Petitioner also names as a Defendant a state employee, Florida Attorney General Ashley Moody.

3

Nordbye, 75 F.2d 744, 746 (8th Cir. 1935)). Mandamus relief is appropriate only in cases where "both the right to relief and the duty to act are clear." Id.

Assuming Petitioner has named some proper Defendants,[3] he is not entitled to mandamus relief because he fails to demonstrate a clear right to relief and duty to act. Rather, he appears to be disguising a petition for a writ of habeas as one for a writ of mandamus given his prior attempts to obtain habeas relief have failed. To the extent Petitioner is challenging his Miami-Dade and Santa Rosa convictions, he does not allege or demonstrate the Eleventh Circuit has authorized the district court to consider a second or successive petition under 28 U.S.C. § 2244(b)(3)(A).

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

---

[3] Federal mandamus relief extends to federal officers or agencies. See 28 U.S.C. § 1361. See also Trackwell v. U.S. Gov't, 472 F.3d 1242, 1246-47 (10th Cir. 2007) (holding the district court lacked jurisdiction over a mandamus action against the Supreme Court because § 1361 excludes from its purview the judiciary).

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of September 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Antonio Woodson